1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

UNITED STATES  DISTRICT COURT

Northern District of California

OLUCHI NNACHI,

                    Plaintiffs,                    No. C 10-00714 MEJ

          v.                                       **ORDER GRANTING DEFENDANT'S**
CITY AND COUNTY OF SAN                             **MOTION TO DISMISS (DKT. #9)**
FRANCISCO,

                    Defendants.
_____/

## I.  INTRODUCTION

Before the Court is Defendant City and County of San Francisco's ("Defendant") motion to dismiss Plaintiff Oluchi Nnachi's ("Plaintiff") complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (Dkt. #9).  After consideration of the parties' papers, relevant legal authority, and good cause appearing, the ORDERS as follows.

## II.  BACKGROUND

On September 3, 2009, Plaintiff filed suit against Defendant alleging employment discrimination[1] under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").  (Dkt. #1, C 09-4099 MEJ (hereinafter "Complaint #1).)  Plaintiff alleged that Defendant retaliated against him and discriminated against him based upon his age, race, color, national origin and ethnicity.  *Id.* at ¶¶ 4, 5.  Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) arguing that Plaintiff's employment discrimination claims were time-barred.  (Dkt. #14, C 09-4099.)  On

_____

[1]Plaintiff made other allegations which do not bear on the Court's determination regarding the instant matter.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  December 28, 2009, the Court granted Defendant's motion to dismiss.  (Dkt. #26, C 09-4099.)  The

2  Court dismissed Plaintiff's Title VII claim without leave to amend, finding that  "Plaintiff received a

3  right-to-sue letter from the EEOC on November 18, 2008, but failed to file this action within 90 days

4  of receiving the letter.  Failure to file suit in 90 days is ground for dismissal of the action."  *Id.* at

5  1:18-23.

6       On January 29, 2010, Plaintiff filed a document entitled "Memorandum Appeal".  (Dkt. #29,

7  C 09-4099.)  The Court construed Plaintiff's appeal request as a motion for reconsideration, which

8  the Court denied.  (Dkt. #30, C 09-4099.)  Plaintiff then appealed the decision to deny the motion for

9  reconsideration to the Ninth Circuit.  (Dkt. #31, C 09-4099.)  On May 20, 2010, the Ninth Circuit

10  "summarily affirmed the district court's orders dismissing the action and denying reconsideration."

11  (Dkt. #6, USCA No. 10-15395.)

12       On February 19, 2010, while Plaintiff's appeal in the prior case was pending, he filed the

13  instant action.  (Dkt. #1.)  On his form complaint[2], Plaintiff crosses out language which says he is

14  filing suit under Title VII and handwrites that he is bringing suit under the Employment

15  Discrimination Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA") as well as House of Representatives

16  ("HR") Bill 3721 Sec. 1.  (Pl.'s Compl. ¶ 3, Dkt. #1.)  Plaintiff further alleges that Defendant

17  violated 42 U.S.C. § 1983.  *Id.* at 5.  Plaintiff claims that Defendant "willfully denied [him] seniority

18  rights" based on his age, in violation of the ADEA, 42 U.S.C. § 1983, and HR Bill 3721 § 1, and that

19  the alleged discrimination took place on August 23, 2008.  *Id.* at ¶¶ 6, 7.  Plaintiff states that he

20  received a Notice-of-Right-to-Sue letter from the Equal Employment Opportunity Commission

21  ("EEOC") on January 28, 2010.

22       On March 30, 2010, Defendant filed the present motion to dismiss.  (Dkt. #9.)  Plaintiff filed

23  his opposition on April 15, 2010, (Dkt. #12), and Defendant filed its reply on May 5, 2010 (Dkt.

24  #17).  On May 20, 2010, the Court found this matter suitable for disposition without a hearing

25  pursuant to Civil Local Rule 7-1(b).  (Dkt. #18.)

26

27  _____

28       [2]Plaintiff uses the same form complaint as he did in the prior action.

2

**UNITED STATES DISTRICT COURT**
For the Northern District of California

### III. DISCUSSION

In its motion to dismiss, Defendant argues that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (Def.'s Mot. 1:6-7, Dkt. #9.)  Defendant states that there are three grounds upon which dismissal is proper: (1) res judicata and/or collateral estoppel preclude Plaintiff's ADEA claim; (2) the ADEA exclusive remedy rule preempts any claim for age discrimination under 42 U.S.C. § 1983; and (3) HR Bill 3721, Sec. 1 does not provide a separate basis for legal relief.  *Id.* at 1:8-17.

In response, Plaintiff contends that his first action against Defendant was based on a violation of his Title VII rights and not on an ADEA violation, and that the two are fundamentally different.  (Pl.'s Opp'n 3:17-18; 6:28-7:1, Dkt. #12.)  Plaintiff maintains that because his Title VII claim was attacked on a technicality, the claim was not fully and fairly litigated and thus neither *res judicata* nor collateral estoppel bar his claim here.  *Id.* at 3:18-20; 4:8-10.  Plaintiff claims that because the Title VII action and the ADEA action are civil suits, that the general principles of *res judicata* do not apply.  *Id.* at 3:27-4:1.  Finally, Plaintiff contends that he split his actions against Defendant in two because he does not have the resources that are available to Defendant.  *Id.* at 6:25-27.

### A.     Legal Standard

Pursuant to Rule 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted.  Rule 8, which provides the standard for judging whether such a cognizable claim exists, requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  *Pro se* pleadings are also subject to Rule 8(a)(2).  *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  However, pleadings of *pro se* litigants are held to even less rigid standards than those drafted by attorneys.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Thus, to survive a motion to dismiss, a complaint need not provide detailed factual allegations.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  However, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable.  *Id.*

3

1  at 570.

2       "A defense of res judicata is appropriately addressed at the motion to dismiss stage of

3  litigation, and in so doing, the court can take judicial notice of the earlier proceedings that give rise

4  to the defense." *Torn Ranch, Inc. v. Sunrise Commodities, Inc.*, C 09-2674 MHP, 2009 WL

5  2834787, at *3 (N.D. Cal. 2009) (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir.1984)).  In

6  reviewing a motion to dismiss, the court may also consider documents attached to the complaint.

7  *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

8  **B.**    **Request for Judicial Notice**

9       Defendant requests that the Court take judicial notice of the following:  (1) Plaintiff's

10  Employment Discrimination Complaint in C 09-4099 MEJ; (2) all docket entries in C 09-4099; (3)

11  United States HR Bill 3721; and (4) a copy of *Torn Ranch, Inc. v. Sunrise Commodities, Inc.*, 2009

12  WL 2834787 (N.D. Cal. 2009).

13       The Court is entitled to take notice of the earlier proceedings which give rise to the res

14  judicata defense. *Torn Ranch*, 2009 WL 2834787, at *3.  Further, these documents contain facts not

15  subject to reasonable dispute as they are matters of public record, and thus, the Court may properly

16  take judicial notice of them. Fed. R. Evid. 201; *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*,

17  499 F.3d 1048, 1052 (9th Cir. 2007) (internal quotations omitted).   Accordingly, the Court

18  GRANTS Defendant's request for judicial notice.

19  **C.**    **Application to the Case at Bar**

20       1.   <u>Res Judicata and Collateral Estoppel</u>

21       Defendant argues that Plaintiff's ADEA Claim is precluded by the doctrine of res judicata

22  because there was a final judgment on the merits in the previous action and thus that Plaintiff's

23  claim is barred.  (Def.'s Mot. 5:25-27, Dkt. #9.)  In response, Plaintiff argues that the principles of

24  res judicata do not apply because he split his Title VII and ADEA and the two are fundamentally

25  different, and because his first claim was not tried in appropriate circumstances.  (Pl.'s Opp'n 1:12-

26  14,2:17-20, 4:5-8, Dkt. #12.)

27       The doctrine of res judicata "bars litigation in a subsequent action of any claims that were

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

4

UNITED STATES DISTRICT COURT
For the Northern District of California

1    raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*,

2    244 F.3d 708, 713 (9th Cir. 2001) (citing *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189,

3    1192 (9th Cir. 1997)).  "It is immaterial whether the claims asserted subsequent to the judgment

4    were actually pursued in the action that led to the judgment; rather the relevant inquiry is whether

5    they could have been brought." *Torn Ranch*, 2009 WL 2834787, at *3.  To establish res judicata,

6    the party asserting the defense must establish the following elements:  (1) an identity of claims; (2) a

7    final judgment on the merits; and (3) privity between parties.  *Headwaters Inc. v. U.S. Forest*

8    *Service*, 399 F.3d 1047, 1051-52 (9th Cir. 2005) (citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe*

9    *Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)) (internal quotations omitted).

10              *a.      Identity of Claims*

11         To determine whether the instant action concerns the same claims as did the prior litigation,

12   the court considers the following factors:

13         (1) whether rights or interests established in the prior judgment would be destroyed or
           impaired by prosecution of the second action; (2) whether substantially the same
14         evidence is presented in the two actions; (3) whether the two suits involve
           infringement of the same right; and (4) whether the two suits arise out of the same
15         transactional nucleus of facts.

16   *Headwaters Inc.*, 399 F.3d at 1052 (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199,

17   1201-02 (9th Cir. 1982)) (internal quotations omitted).  The last of the *Costantini* factors is the most

18   important.  *Headwaters Inc.*, 399 F.3d at 1052.

19         Defendant contends that the claims in the instant action are identical to those in the previous

20   litigation.  (Def.'s Mot. 7:1, Dkt. #9.)  Defendant argues that allowing this lawsuit to proceed would

21   "eviscerate the Court's December 28, 2009 order" dismissing Plaintiff's complaint in the previous

22   action and precluding him from pursuing his discrimination claims against Defendant.  *Id.* at 7:1-3.

23   Defendant further argues that based upon the allegations of the two complaints, the evidence that

24   would be presented here is identical to the evidence which would have been presented in the

25   previous litigation.  *Id.* at 7:4-6.  Further, Defendant contends that the two lawsuits involve

26   infringement of the same right, which is the alleged discrimination based on Plaintiff's August 23,

27

28

                                              5

1    2008 layoff.[3]  *Id.* at 7:6-8.  Finally, Defendant maintains that both lawsuits arise out of the same

2    factual transactional nucleus: the layoff and alleged personnel actions taken by Defendant.  *Id.* at

3    7:8-9.

4           Plaintiff, in response, argues that there are fundamental textual differences between Title VII,

5    violations of which were alleged in his first complaint, and the ADEA, which he claims to allege

6    only in the instant matter.  (Pl.'s Opp'n 2:16-20, Dkt. #12.)  Plaintiff argues that the validity of the

7    judgment on his Title VII claim is "questionable given the fact that EEOC closed my case on

8    1/28/2010 and have a work sharing agreement with California DFEH.  The suit complied with

9    DFEH statue [sic] of limitations."  *Id.* at 3:22-26.  Plaintiff also argues that it has recently come to

10   light that Defendant "has a continuing pattern of abuse of rights of employees who belong to a

11   protected group in juvenile probation" and thus, that his first claim was not tried in the appropriate

12   circumstances.  *Id.* at 4:2-8.  Finally, Plaintiff claims that he "split [his] actions against the defendant

13   into two, because [he does] not have the resources the defendant has."  *Id.* at 6:25-27.

14          The Court finds Plaintiff's arguments unavailing.  First and foremost, Plaintiff did allege

15   "age discrimination" in his prior complaint.  (Compl. #1, ¶ 4d.)  In the "other acts" section of the

16   Title VII form complaint, Plaintiff complained of "Retaliation and age discrimination[,] illegal

17   demotion[, and] obstruction of justice/lying of its real intent."  *Id.*  In its motion to dismiss in the

18   previous action, Defendant argued:

19           Plaintiff purports to sue the City for age discrimination under Title VII.  Title VII
             does not protect against age discrimination.  To the extent that Plaintiff attempts to
20           sue the City for age discrimination under the Age Discrimination in Employment Act
             ("ADEA"), this claim is subject to dismissal for the same reasons as the Title VII
21           claims.

22   (Dkt. #14 fn. 1, C 09-4099.)  As discussed above, the Court dismissed Plaintiff's Title VII claim as

23   time-barred.  (Dkt. #26, C 09-4099.)  Though the Court did not directly address Plaintiff's "age

24   discrimination" claim, it is necessarily barred here because it was both "raised in and could have

25   been raised in the prior action."  *Owens*, 244 F.3d at 713 (citing *Western Radio Servs. Co. v.*

26   _____

27          [3]The August 23, 2008 incident is referred to throughout the parties' papers as both a
     demotion and a layoff.
28

6

UNITED STATES DISTRICT COURT
For the Northern District of California

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1    *Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997)).

2          Further, there is an identity of claims in that each *Costantini* factor is satisfied.  This Court's

3    order dismissing Plaintiff's complaint in the first cause of action established that Plaintiff had no

4    right to sue Defendant for employment discrimination, and allowing him to do so now would destroy

5    that right.  Additionally, because the two suits involve infringement of the same right — Plaintiff's

6    alleged right to be free from discrimination by his employer — substantially the same evidence

7    would necessarily be presented to support and defend against the claims.  Even if some different

8    evidence were to be presented in the respective actions, res judicata can still bar the subsequent

9    action.  *Int'l Union of Operating Engineers-Employers Const. Industry Pension, Welfare and*

10   *Training Trust Funds v. Karr*  994 F.2d 1426, 1430 (9th Cir. 1993) (citations omitted) (finding res

11   judicata applicable, even if the evidence in the two actions is not substantially the same, because the

12   most important criteria in the analysis is whether the claims arise out of the same transactional

13   nucleus of facts).  Finally, the two suits absolutely arise out of the same factual nucleus — the facts

14   surrounding Plaintiff's layoff or demotion — and this determination satisfies the most critical factor

15   in the identity of claims analysis.  *Owen*, 244 F.3d at 714 (finding that the allegations arose out of

16   the same transactional nucleus of facts where the plaintiff alleged different types of discrimination

17   arising out of the same incident in two separate suits); *see also Karr*, 994 F.2d at 1430 (noting that

18   the Ninth Circuit has found an identity of claims solely on the ground that the two suits arose out of

19   the same transactional nucleus of facts, without reaching the other *Costantini* factors).  Accordingly,

20   the Court finds that there is an identity of claims and thus, the first factor necessary to establish res

21   judicata is satisfied.

22                    *b.    Final Judgment on the Merits*

23          Rule 41(b) provides that any dismissal, except one for lack of jurisdiction, improper venue,

24   or failure to join a party under Rule 19, operates as final judgment on the merits.  Dismissal of an

25   action with prejudice, or without leave to amend, is considered a final judgment on the merits.

26   *Headwaters*, 399 F.3d at 1052.  Dismissal for failure to state a claim under Rule 12(b)(6) is also

27   considered a final judgment on the merits.  *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399

28

7

fn.3 (1981).

Defendant contends that because the Court dismissed Plaintiff's complaint in the prior action without leave to amend and ordered the file closed, there is no dispute that the previous judgment was final and on the merits. (Def.'s Mot. 6:25-28, Dkt. #9.) Plaintiff does not directly respond to this argument.

The Court agrees with Defendant. Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) in the previous action was granted. (Dkt. #26, C 09-4099.) That dismissal serves as a final judgment on the merits, and thus, the Court finds that the second factor in the res judicata analysis is satisfied.

      *c.*    *Privity Between the Parties*

If the parties in the first suit are exactly the same as the parties in the second, then this element is met. *San Diego Policy Officers' Assoc. v. San Diego City Employees' Retirement System*, 568 F.3d 725, 734 (9th Cir. 2009). Here, as the parties are identical, the third element in the res judicata analysis is met.

      *d.*    *Summary*

Based on the foregoing, the Court finds that the doctrine of res judicata bars Plaintiff from asserting an ADEA claim. Plaintiff alleged age discrimination in the first action, and even if he had not, Plaintiff would not be able to allege it here because he was required to plead all causes of action arising out of the same transactional nucleus in one lawsuit. Accordingly, the Court GRANTS WITHOUT LEAVE TO AMEND Defendant's motion to dismiss Plaintiff's ADEA claim. Based on this finding, the Court need not determine wether collateral estoppel would preclude Plaintiff from bringing this claim.

    2.    Plaintiff's 42 U.S.C. § 1983 Claim

In his complaint, Plaintiff states that Defendant violated 42 U.S.C. § 1983 by demoting him in violation of his seniority rights. (Compl. ¶ 6, Dkt. #1.) Defendant contends that Plaintiff's § 1983 claim must be dismissed without leave to amend because no claim for relief for age discrimination exists under that section and because the ADEA preempts the assertion of age discrimination claims

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

8

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    under § 1983.  (Def.'s Mot. 9:16-22, Dkt. #9.)  Plaintiff does not respond.

2    42 U.S.C. § 1983 provides in pertinent part that "[e]very person who, under color of any

3    statute, ordinance, regulation, custom, or usage of any State . . . subjects . . . any citizen of the

4    United States . . . to the deprivation of any rights, privileges, or immunities secured by the

5    Constitution and laws, shall be liable to the party injured . . . ."  However, "the ADEA precludes the

6    assertion of age discrimination in employment claims, even those seeking to vindicate constitutional

7    rights, under § 1983." *Ahlmeyer v. Nevada System of Higher Educ.*, 555 F.3d 1051, 1057 (9th Cir.

8    2009) (noting that every circuit to consider the issue has also found that the ADEA is the exclusive

9    remedy for federal age discrimination claims).

10    Here, the Court finds that Plaintiff's 42 U.S.C. § 1983 claim is barred, as the ADEA is the

11    exclusive remedy for age discrimination claims.  Plaintiff's claim is that § 1983 was violated when

12    he was demoted in violation of his seniority rights. *Ahlmeyer* is quite clear on the matter, and thus,

13    the Court GRANTS WITHOUT LEAVE TO AMEND Defendant's motion to dismiss Plaintiff's §

14    1983 claim.

15        3.    <u>Plaintiff's HR Bill 3721 Claim</u>

16    Defendant contends that Plaintiff's claim under HR Bill 3721 must fail because the bill does

17    not create a separate right of action.  (Def.'s Mot. 10:16-17, Dkt. #9.)  Plaintiff does not respond.

18    HR Bill 3721 states on its face that its purpose is "[t]o amend the [ADEA] to clarify the

19    appropriate standard of proof."  Section 1, under which Plaintiff purports to bring a claim, provides

20    that the Act may be cited as the "Protecting Older Workers Against Discrimination Act." *Id.*

21    Section 2 states the findings and purpose of the act, and Section 3 amends the ADEA standard of

22    proof. *Id.*

23    Following careful analysis of the Bill, it is clear that there is no private right of action created

24    that did not already exist under the ADEA.  As Plaintiff's ADEA claim is barred by res judicata, the

25    Bill has no effect here.  Accordingly, the Court GRANTS WITHOUT LEAVE TO AMEND

26    Defendant's motion to dismiss Plaintiff's H.R. Bill 3721 claim.

27    ///

28

9

**IV.  CONCLUSION**

Plaintiff has failed to state an actionable claim for relief.  The Court thus GRANTS WITHOUT LEAVE TO AMEND Defendant's motion to dismiss in its entirety.  The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: August 27, 2010

_____

Maria-Elena James
Chief United States Magistrate Judge